## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,    )
                               )
               Plaintiff,     )
                               )
v.                           )         **No. CIV 06-299-RAW-SPS**
                               )
CHARLES PEARSON, et al.,      )
                               )
            Defendants.   )

## OPINION AND ORDER

Plaintiff has filed a motion asking the court to refund the filing fee for this civil rights action [Docket #50]. He alleges he should not have to pay a filing fee in this case, because he was assessed a filing fee in an earlier civil rights case on the same claim, which was dismissed without prejudice for failure to exhaust administrative remedies. He maintains that because he subsequently exhausted his administrative remedies and then refiled the case as this second action, he should not be required to pay a second filing fee.

In *Barrett v. Barnes*, Case No. CIV 05-328-RAW-SPS, plaintiff sued Raymond Barnes, Administrator of the Muskogee County Detention Center, for alleged denial of access to a law library and denial of copies of his legal work. Plaintiff's motion for leave to proceed *in forma pauperis* was granted [Docket #4], and he has paid $24.20 toward the $250.00 filing fee. The case was dismissed for failure to exhaust administrative remedies and affirmed on appeal in Case No. 06-7007 (10th Cir. June 14, 2006).

Plaintiff then filed this action, again suing Raymond Barnes, but adding four other defendants. He alleges he was denied access to legal materials and to the information he needed to exhaust his administrative remedies. His motion for leave to proceed *in forma*

*pauperis* was granted, and he was directed to pay the $350.00 filing fee, in accordance with 28 U.S.C. § 1915(b)(1) [Docket #4]. He has made payments totaling $250.50, leaving a balance of $99.50.

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." [1] Citing *Owens v. Keeling*, 461 F.3d 763 (6th Cir. 2006), plaintiff asserts he was not "instituting" a suit, pursuant to 28 U.S.C. § 1914(a), when he refiled his case after exhaustion of administrative remedies. *Owens* held that "when a prisoner 'refiles' a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under the PLRA, the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a)." *Owens*, 461 F.3d at 773. The district court in *Owens* was directed to reimburse the plaintiff the fee he paid for the second, "refiled" complaint. *Id*.

Plaintiff has cited no Tenth Circuit authority on this issue, and the court finds his case is distinguishable from *Owens*. In *Owens*, the first complaint was dismissed *sua sponte* by the district court for failure to exhaust administrative remedies, "without having to rely on 'time-consuming evidentiary hearings' and responsive pleadings." *Id*. (citation omitted). In plaintiff's case, however, his first complaint was dismissed after service of the defendant and the filing of a dispositive motion. In addition, plaintiff's two complaints are not identical. He sued only one defendant in his initial complaint, but there are five defendants in this second, "refiled" complaint.

---

[1] The filing fee was $250.00 when plaintiff filed his first complaint.

"Filing fees are part of the costs of litigation," *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998), and prisoner cases are not an exception. The Prison Litigation Reform Act has no provision for returning fees that are partially paid or for cancellation of the balance of the fee. *See Goins v. Decaro*, 241 F.3d 260, 261-62 (2d Cir. 2001). "That is not surprising, since a congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Id.* at 261 (citation omitted). Furthermore, a refund claim encounters the barrier of sovereign immunity, because the funds have become the property of the United States. *Id.* The court, therefore, concludes that plaintiff is not entitled to reimbursement or cancellation of the filing fee in this action.

**ACCORDINGLY,** plaintiff's Motion to Rescind Second Filing Fees in the Instant Matter [Docket #50] is DENIED.

**IT IS SO ORDERED** this 6th day of February, 2008.

_____
**STEPHEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**