IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

MAR 1 9 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

KENNETH EUGENE BARRETT,       )
                              )
            Plaintiff,        )
                              )
v.                            )   No. CIV 06-299-RAW-SPS
                              )
CHARLES PEARSON, et al.,      )
                              )
            Defendants.       )

## OPINION AND ORDER

This action is before the court on the defendants' motion for summary judgment and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint [Docket #1], the defendants' motion [Docket #75], plaintiff's response [Docket #79], and the parties' replies [Docket #82 and #85]. Plaintiff, an inmate in the custody of the Federal Bureau of Prisons who is incarcerated in Terre Haute, Indiana, brings this civil rights action, seeking monetary damages for constitutional violations that allegedly occurred during his incarceration in the Muskogee County Detention Center (MCDC) in Muskogee, Oklahoma. The defendants are Charles Pearson, Muskogee County Sheriff; Raymond Barnes, MCDC Administrator; Martin Lang, MCDC Security Supervisor; MCDC Officer Courtney Burke; and MCDC Officer Billie Thompson.

### Background

The record shows that on February 6, 2004, plaintiff was convicted in Sequoyah County District Court Case No. CF-99-493 for Manslaughter in the First Degree and Assault and Battery with a Dangerous Weapon, and he was sentenced to terms of imprisonment in

the Oklahoma Department of Corrections (DOC). He alleges the United States Marshals Service placed him into custody at the MCDC from October 22, 2004, to February 28, 2006, while he was awaiting trial for capital charges in this court's Case No. CR-2004-115-JHP-SPS. He was convicted of the federal charges and sentenced to death and to two life sentences without the possibility of release.

On August 9, 2005, he filed a civil rights complaint in this court against Raymond Barnes, MCDC Jail Administrator, alleging he was denied access to a law library and copies of his legal work. *See Barrett v. Barnes*, No. CIV-2005-328-RAW-SPS. The action was dismissed without prejudice on December 30, 2005, for plaintiff's failure to exhaust his administrative remedies, and the Tenth Circuit Court of Appeals affirmed in *Barrett v. Barnes*, No. 2006-7007, slip op. at 2 (10th Cir. June 14, 2006). Both this court and the Tenth Circuit held that plaintiff could have met his burden of pleading exhaustion by either submitting copies of his applicable administrative dispositions or by describing with specificity the outcome of administrative proceedings. *Barrett*, No. CIV-2005-328-RAW-SPS, slip op. at 2; *Barrett*, No. 2006-7007, slip op. at 2.

## Counts 1 and 2

Plaintiff alleges in Count 1 of his complaint that the defendants denied him access to the courts by maliciously interfering with his ability to exhaust his administrative remedies in Case No. CIV-2005-328-RAW-SPS. He claims Defendants Lang and Barnes personally denied him a MCDC Inmate Handbook that described applicable grievance procedures, and Defendant Pearson denied a handbook when plaintiff requested one by correspondence. Defendants Lang and Barnes told plaintiff he could not file a grievance over his being denied

legal materials or photocopying legal materials, because those were not grieveable matters. They then advised him to work with jail personnel to resolve his issue regarding legal materials. Defendant Barnes allegedly told plaintiff he had absolutely no rights at MCDC, because he was a cop killer. Plaintiff complained to the U.S. Marshals Service about his treatment, and Marshal Lody advised the MCDC booking officer that plaintiff was supposed to have access to legal materials and a copy of the MCDC Inmate Handbook. The next morning plaintiff was handcuffed and taken to a hallway, where he was met by Defendant Barnes. Barnes told plaintiff he needed to stop whining to the U.S. Marshals, that he should just "lay down and shut up," and he would not be allowed any legal materials. Plaintiff, therefore, was unable to exhaust the administrative remedies in his previous civil rights action.

In Count 2 he complains that he suffered an "actual injury" by the defendants' denial of access to the courts during his incarceration at MCDC, because his first civil rights complaint was denied on procedural grounds. He alleges the defendants unconstitutionally denied him access to a law library or legal materials, and they did not allow him to photocopy documents, preventing him from presenting documentary evidence of his attempts at exhaustion in the first complaint.

Defendant Thompson allegedly told plaintiff he was not allowed access to the law library, because he was a federal prisoner. Thompson later changed her position and advised plaintiff he would have to furnish citations of statutes to obtain the materials. Thompson also allegedly said the jail administrator told Thompson not to provide plaintiff with any legal materials while he was at MCDC, because of the nature of plaintiff's pending charges.

It is undisputed that access to the courts and the means to effectuate such access are fundamental constitutional rights. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To have standing to raise a claim of denial of access to the courts, however, a prisoner must demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Here, the court finds plaintiff did not suffer an actual injury, because his first lawsuit was dismissed without prejudice, and he was able to re-file his claims in this civil rights action now before the court. Therefore, his constitutional rights were not violated with respect to Counts 1 and 2.

**Count 3**

In Count 3 plaintiff alleges the defendants unconstitutionally denied him access to a law library or to legal materials he needed to file a motion for sentence modification in his state felony manslaughter case, and he now is statutorily barred from filing the motion. The defendants allegedly imposed an "exact citation" system, but did not provide him access to any indices or other method to locate exact legal citations. The defendants assert any restrictions placed on plaintiff's access to legal materials in the MCDC did not prevent him from filing a motion for sentence modification.

"[The constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided." *Pernod v. Zavaras*, 94 F.3d 1399 (10th Cir. 1996) (citations omitted). The Constitution requires only that reasonable access to the courts be permitted. *Johnson v. Avery*, 393 U.S. 483, 490 (1969); *Ford v. Schmidt*, 577 F.2d 408, 410 (7th Cir. 1978), *cert. denied*, 439 U.S. 870 (1978). In determining whether the access afforded an inmate is reasonable, the test to be applied is whether the access is

4

"adequate, effective, and meaningful." *Bounds*, 430 U.S. at 822.

Pursuant to Okla. Stat. tit. 22, § 982a, plaintiff had 12 months to request a modification of his sentence for felony manslaughter, and the record shows he knew there was a time limit on the motion. The court finds plaintiff has not demonstrated how the alleged denial of legal materials prevented him from preparing and filing a motion for sentence modification in his manslaughter case. Apart from the state statute that allows the motion to modify a sentence, Okla. Stat. tit. 22, § 982a, plaintiff has not indicated what additional legal materials he needed to prepare and file his motion. *See McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001) (plaintiff must "describe sufficiently the legal materials he was seeking"). Except for the 12-month statute of limitation, there is nothing in the text of the statute that could have assisted plaintiff in the preparation and filing of a motion to modify his sentence.[1]

On October 23, 2006, approximately eight months after he left the MCDC, plaintiff filed a motion for sentence reduction in the state manslaughter case, and it was denied on the merits. *State v. Barrett*, No. CF-99-493 slip op. (Sequoyah County Dist. Ct. Nov. 13, 2006). There is no indication the motion was denied as untimely, *id.*, so plaintiff's delay in filing was not prejudicial.

## Count 4

---

[2] Any time within twelve (12) months after a sentence is imposed or within twelve (12) months after probation has been revoked, the court imposing sentence or revocation of probation may modify such sentence or revocation by directing that another penalty be imposed, if the court is satisfied that the best interests of the public will not be jeopardized. This section shall not apply to convicted felons who have been in confinement in any state prison system for any previous felony conviction during the ten-year period preceding the date that the sentence this section applies to was imposed. Okla. Stat. tit. 22, § 982a(A).

5

Plaintiff alleges in Count 4 that because of the defendants' failure to provide him with access to legal materials, he was unable to challenge pending charges in Sequoyah County, which the federal government used as aggravators during the sentencing phase of his capital proceedings. After plaintiff was charged in the federal capital murder case, he sought to challenge the legality of his pending charges in Sequoyah County District Court Case No. CF-97-86 for Unlawful Delivery of a Controlled Substance, and in Sequoyah County District Court Case No. CM-45 for Possession of Marijuana. He speculates that if the defendants had allowed him access to legal materials, he possibly could have successfully challenged these state charges, preventing the federal government from using them as aggravators and possibly reducing his federal sentence from death to life imprisonment.

The record shows that none of plaintiff's requests for legal materials while incarcerated at the MCDC concerned materials to challenge any pending charges in Sequoyah County. Plaintiff was represented by counsel in the federal prosecution, and his counsel did attack the use of Sequoyah County Case No. CF-97-86 as a sentence aggravator in the federal case. In addition, plaintiff has failed to show he suffered any actual injury with regard to this claim, as required by *Lewis v. Casey*, 518 U.S. at 350-51. Plaintiff was represented by counsel during the federal proceedings, and one of the attorneys in his federal case also entered an appearance in March 2000 in Sequoyah County Case No. CF-97-86.[2] The record shows plaintiff never was arrested or had any other adverse action taken against him in Sequoyah County District Court Case No. CM-98-45, and he admitted in his

---

[3] Sequoyah County District Court Case No. CF-97-86 was dismissed as moot on February 22, 2007.

deposition that he did not know whether this case was used to enhance his federal sentence.

A pretrial detainee who has legal counsel representing him has no right of access to a law library or legal materials. *Love v. Summit County*, 776 F.2d 908, 912-14 (10th Cir. 1985), *cert. denied*, 479 U.S. 814 (1986). Plaintiff had counsel both in the federal prosecution and in Sequoyah County Case No. CF-97-86, so he had no right to legal materials concerning those two cases. Regarding Sequoyah County Case No. CM-98-45, he has failed to demonstrate his alleged denial of access to legal materials resulted in an actual injury. This claim also fails.

## Count 5

Plaintiff complains in Count 5 that the defendants did not allow him to photocopy his legal materials and documents while he was confined in the MCDC. He contends his inability to make photocopies prevented him from providing supporting documents for his motion for an evidentiary hearing in Case No. CIV-2005-328-RAW-SPS and caused that case to be dismissed.

A prisoner does not have a constitutional right to unlimited free photocopies, especially when there are suitable alternatives. *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir.1980). "When an inmate's access to the courts is not unduly hampered by the denial of access to such machinery, he cannot complain." *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1981).

Again, plaintiff has failed to demonstrate how denial of photocopies caused him to suffer an actual injury. He never described his efforts to exhaust his administrative remedies while Case No. CIV-2005-328-RAW-SPS was pending, and he could have described the documents he wanted to copy or submitted handwritten copies of the materials. As discussed

above, his first civil rights case was dismissed without prejudice, and he was allowed to file this action, so this claim warrants no relief.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

**IT IS SO ORDERED** this 19th day of March 2009.

*Ronald A. White* (signature)
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

8